AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Northern District of Texas

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 2:26-MJ-121 |
| | ) | |
| Tsamarte Daiquan Ryan | ) | |
| | ) | |
| *Defendant(s)* | | |

**U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED**

JUL − 1 2026

**CLERK, U.S. DISTRICT COURT**
By _____
Deputy

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of _____June 19, 2026_____ in the county of _____Potter_____ in the
___Northern___ District of _____Texas_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Sections 922(g)(1) and 924(a)(8) | Possession of a Firearm by a Convicted Felon |

This criminal complaint is based on these facts:

see attached affidavit in support of complaint.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Sean DeWitt, HSI TFO
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone
(specify reliable electronic means).

Date: ___7|1|26___

_____
*Judge's signature*

City and state:          Amarillo, Texas

Lee Ann Reno, U.S. Magistrate Judge
_____
*Printed name and title*

**<u>Affidavit in Support of Complaint</u>**
**<u>Cause Number 2:26-MJ-121</u>**

I, Sean DeWitt, being duly sworn under oath, do hereby depose and state:

1.    I am a Task Force Officer (TFO) with Homeland Security Investigations (HSI), and I have been so employed since 2024. I have been employed as a licensed peace officer with the City of Amarillo Police Department (APD) since 2019. As part of my official duties, I have conducted and participated in investigations relating to firearms and crimes of violence.  As part of my duties and responsibilities as a TFO I am authorized to investigate crimes involving firearms, including violations of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8) relating to persons who have been previously convicted of felony offenses who knowingly possess firearms.

2.    On June 19, 2026, at 02:25 a.m., officers from the Amarillo Police Department (APD) were dispatched to Matador Tequila Bar located at 626 S. Polk Street on a weapons offense call. Call notes for the incident stated that a black male wearing glasses, a black hoodie, and red shorts was holding a gun in the middle of a crowd.

3.    Officers in the Amarillo Regional Crime Center (ARCC) deployed a drone equipped with a camera and located the subject before officers arrived on scene. APD Officer K. Jones arrived and located the subject walking northbound on Polk Street.  The officer gave the subject commands to stop. The subject ignored the commands and evaded officers by running away. Eventually the subject tripped and fell and Officer Jones was able to get close enough to deploy his taser successfully.

4.      The subject was taken into custody and identified as Tsamarte Daiquan RYAN. While officers were handcuffing RYAN, a black pistol magazine fell from Ryan's person.  Officers also found a tan pistol under Ryan on the ground. The handgun was loaded with a round in the chamber. The handgun was a Canik model MC9 chambered in 9mm bearing serial number 23CT02234. The frame of the handgun was inscribed with the phrase, "Made In Turkey".

5.      RYAN complained to officers about his socks and asked officers to remove them. When they did so, they found a clear plastic baggie containing a white substance. A field test kit was used to test the substance, and it showed a presumptive positive result for methamphetamine. The suspected methamphetamine was weighed and showed a weight of 6.6 gross grams.

6.      Officers transported RYAN to Northwest Texas Hospital (NWTH) where he received medical clearance. He was then booked at Potter County Detention Center (PCDC) for violations of Texas Penal Code and Texas Health and Safety Code.

7.      RYAN's criminal history revealed that he had previously been convicted and sentenced to one hundred thirty-five (135) months in prison for violation of Title 21 USC 846, that is, Conspiracy to Distribute and Possess with intent to Distribute Cocaine Base, a felony offense. Ryan served a sentence in federal prison for the offense and, therefore, knew or should have known that he was a convicted felon.

8.    Canik is a firearms manufacturer headquartered in Turkey.  Canik firearms are not manufactured in the State of Texas and, therefore, RYAN's possession of the firearm on June 19, 2026, affected interstate or foreign commerce.

9.    Based on the information set forth in the preceding paragraphs, I have probable cause to believe that RYAN is a previously convicted felon and was in possession of a firearm on June 19, 2026, in violation of Title 18 U.S.C. §§ 922(g)(1) and 924(a)(8).  Further, RYAN knew that he was a convicted felon at the time he possessed the firearm.

Sean DeWitt
Task Force Officer
Homeland Security Investigations


Attested to in accordance with the requirements of Fed. R. Crim. P. 4.1 on the 1st day of _____July_____, 2026.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

Anna Marie Bell
Assistant United States Attorney